UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

YA IP Holdings, Inc.,
                    Plaintiff,

            -against-

Levits Furniture Warehouse Corp., Levits Furniture & Bedding Corp. And John Doe Defendant Nos. 1-5,

                  Defendants.

------------------------------------X

10 Civ 06811 (GBD)

MEMORANDUM DECISION AND ORDER

GEORGE B. DANIELS, District Judge:

On or about December 11, 2007, Plaintiff YA IP Holdings purchased the registered trademarks "Levitz" and "You'll Love it at Levitz" as part of the liquidation of assets in the Levitz Furniture Corporation's bankruptcy proceeding. Currently, Plaintiff does not use the marks in commerce but has expressed its intention to begin using the marks by the end of the year. Defendant is a furniture store named "Levits Furniture Warehouse Corp." in Yonkers, New York, which has been doing business since May, 2008. On September 13, 2010, Plaintiff sought and this Court issued an ex parte Order to Show Cause why a Preliminary Injunction should not issue as to Defendants. Argument on Plaintiff's Motion for a Preliminary Injunction was held on October 12, 2010. Plaintiff has currently not established a likelihood of irreparable injury or success on the merits. Plaintiff's Motion is denied without prejudice.

In order to obtain a preliminary injunction, plaintiff must establish: "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) a likelihood of success on the merits or (b) a sufficiently serious questions going to the merits to make them a fair

1

ground for litigation plus a balance of hardships tipping decidedly towards the party requesting preliminary relief." Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 536 (2d Cir. 2005). "In trademark disputes, a 'showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm." Id.

To establish likelihood of confusion, the Court considers the non-exclusive Polaroid factors: (1) the strength of the mark; (2) the degree of similarity of the mark; (3) the competitive proximity of the products; (4) actual confusion; (5) the likelihood that plaintiff will bridge the gap; (6) the defendant's good faith in adopting its mark; (7) the quality of defendant's products; and (8) the sophistication of the purchasers. Brennan's, Inc. v. Brennan's Restaurant L.L.C., 360 F.3d 125, 130 (2d Cir. 2004). "No single factor is dispositive, nor is a court limited to consideration of only these factors." Id. (citing to Polaroid Corp v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961)).

The registered Levitz mark is strong. See Sporty's Farm, L.L.C. v. Sportman's Market, Inc., 202 F.3d 489, 497 (2d Cir. 2001). The mark and the allegedly infringing name are similar although spelled differently. Also, Plaintiff states it will shortly enter the furniture business utilizing its acquired trademark. These weigh in favor of granting the preliminary injunction.

However, several of the other factors presently do not weigh in Plaintiff's favor when Plaintiff's non-use of the marks is considered. The third factor, the competitive proximity of the products, requires an examination of to "what extent the two products compete with each other." Id. at 131. Now, there are not two products competing with each other in the marketplace. Plaintiff does not sell any furniture and Levitz has not sold any for several years. Therefore, this factor does not weigh towards finding a likelihood of confusion.

Plaintiff has not proven that the quality of defendant's product is inferior to any of

2

Plaintiff's products. This Court examines the seventh factor, the quality of defendant's products, with reference to the discrepancies between the senior and junior users. See Savin Corp. v. The Saving Group, 391 F.3d 439, 455 (2d Cir. 2004) ("If the quality of a junior user's product is low *relative to the senior user's*, then this increases the chance of actual confusion.")(emphasis added). Here, Plaintiff YA IP Holdings has not sold any products for this Court to compare to Defendant's products. While Levitz Corporation may have previously produced high quality products, it is not necessarily the case that Plaintiff YA IP Holding, as a purchaser of the Mark, will continue to produce the same quality product. Thus, this factor also does not weigh in Plaintiff's favor.

Further, Plaintiff has not provided evidence of actual confusion under the fourth Polaroid factor. In fact, some of Plaintiff's evidence tends to show that sophisticated customers clearly recognized that Defendant was not in fact associated with the former bankrupt Levitz Furniture Corporation. See Rillo Aff. at Ex. 11 (a customer acknowledges that Defendant's name is a "ripe-off" of Levitz). Though this is a factor that does not need to be proven to establish likelihood of confusion, the proffered facts do not weigh heavily in Plaintiff's favor. See Savin Corporation, 391 F.3d at 455.

Plaintiff also has not demonstrated bad faith on the part of the Defendant. This factor considers "whether the Defendant adopted its mark with the intention of capitalizing on Plaintiff's reputation and goodwill." Arrow Fastener Co. v. Stanley Works, 59 F.3d 384, 397 (2d Cir. 1995) (citation omitted). Defendant was obviously aware of the trademark's prior use. However, "prior knowledge of a senior user's trademark does not necessarily give rise to an inference of bad faith." Id. Plaintiff has not presented any evidence of bad faith other than the fact that Defendant was aware of the mark and continued to use its similar name after its

3

registration was rejected by the Patent and Trademark Office, and Plaintiff sent a cease and desist letter. Thus, this factor does not weigh in Plaintiff's favor.

As to the last factor, Plaintiff contends that furniture purchasers are not sophisticated purchasers. Generally, however, "when the cost of the . . .product is high, the courts assume that purchasers are likely to be more discriminating than they otherwise might be." Savin Corp., 391 F.3d at 459. The price of furniture, even inexpensive furniture, can run into the hundreds of dollars. See Rillo Aff. at Ex. 10 (showing advertising for furniture ranging from $100 - $900). This weighs towards finding that the relevant customers are more sophisticated and less likely to be confused by the two names. Therefore, this factor does not weigh in Plaintiff's favor.

## Conclusion

The current record does not demonstrate likelihood of irreparable injury or success on the merits to support the issuance of a preliminary injunction. Therefore, Plaintiff's motion for a preliminary injunction is denied. However, given that this conclusion rests, in part, on Plaintiff's non-use of the Mark since it was acquired over 34 months ago, Plaintiff's motion is denied without prejudice. Plaintiff may renew its motion should they begin using the mark to sell furniture.

Dated: October 13, 2010
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge